NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-762

COMMONWEALTH

vs.

BENJAMIN JOHNSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant pleaded guilty to presenting a false insurance claim in violation of G. L. c. 266, § 111A, and to larceny over $250 in violation of G. L. c. 266, § 30 (1). Restitution was ordered as a condition of probation.  On appeal, the defendant claims that the judge improperly accepted an agreed on amount of restitution and abused his discretion by denying the defendant's motion to reconsider the amount of actual economic loss.  We affirm.

Background.  At the plea hearing on April 5, 2023, the defendant admitted that he stole $45,635 from an insurance company by submitting false claims for the long-term care of his father.  That figure reflected total claims for care paid by the

insurance company to the defendant and reduced by the amount paid for legitimate claims. The judge accepted the defendant's guilty pleas and imposed a suspended sentence that included, as a condition of probation, payment of restitution in an amount to be determined at a future hearing based on the defendant's ability to pay.

On June 7, 2023, the plea judge conducted a hearing on the amount of restitution to be paid by the defendant. Defense counsel disputed the amount of actual economic loss sustained by the insurance company by arguing that some additional payments were based on legitimate insurance claims. Given the defendant's previous guilty plea that agreed to the amount of actual economic loss, however, the judge did not entertain any further challenge to the amount of loss sustained by the insurance company. Later at the hearing, defense counsel acknowledged that the actual economic loss was $45,635. The hearing was continued to another date for a determination of the defendant's ability to pay an amount of restitution. See Commonwealth v. Henry, 475 Mass. 117, 120-127 (2016).

With new counsel, the defendant filed a motion to reconsider in which he claimed his attorney agreed to the amount of restitution against his wishes, and the agreed on amount did not properly credit him with services he provided to his ailing father. The motion made additional assertions regarding the

2

Commonwealth's inability to prove the amount of actual economic loss.

At the continued restitution hearing, the judge addressed the motion to reconsider. The judge understandably characterized the motion as one to withdraw the defendant's guilty plea as it contradicted the amount of the actual economic loss that the defendant had admitted to at the plea hearing.[1] Further, the judge rejected the defendant's assertion that his prior counsel was not authorized to agree to the amount of actual economic loss. The judge stated that he had repeatedly clarified that the amount of actual economic loss was not in dispute, and the defendant was present for the entire discussion and voiced no objection. The judge denied the motion for the reasons he stated, and for those contained in the Commonwealth's opposition to the motion.[2] Thereafter, the judge addressed the defendant's ability to pay an amount of restitution and set a payment schedule.

---

[1] Counsel later clarified that the defendant did not wish to withdraw his guilty plea.

[2] In opposition, the Commonwealth claimed that the motion was untimely, the facts asserted therein contradicted facts the defendant admitted to when he pleaded guilty, and that the motion was not supported by an affidavit.

3

Discussion. The defendant claims that the judge abused his discretion by accepting the stipulated amount of restitution. We disagree.

Following the defendant's guilty plea and conviction, the judge had the authority to order restitution as a condition of probation. Commonwealth v. Denehy, 466 Mass. 723, 737 (2014). The amount of restitution can be established either by stipulation or by an evidentiary hearing at which the Commonwealth bears the burden of proving, by a preponderance of the evidence, the amount of the victim's actual economic loss. Henry, 475 Mass. at 120; Mass. G. Evid. § 1114(c) (2025). See Mass. R. Crim. P. 49 (b) (ii), as appearing in 495 Mass. 1520 (2025).

Here, the judge did not abuse his discretion by accepting the stipulated amount of restitution. See Commonwealth v. Buckley, 90 Mass. App. Ct. 177, 185 (2016) ("The method of calculating the amount of the restitution order was not arbitrary, but instead based on facts that were not in dispute"). Contrary to the defendant's claim, unlike a stipulation to an essential element of a crime under Mass. R. Crim. P. 23 (a), 471 Mass. 1501 (2015), a stipulation to an amount of restitution need not be in writing. Restitution determinations are separate and apart from determinations of guilt. See Denehy, 466 Mass. at 736-738. Finally, at his

4

guilty plea hearing, the defendant agreed that the amount he stole was $45,635.  The judge was not required to reduce this amount based on matters which contradicted the admitted-to facts underlying the defendant's guilty plea.

The defendant also claims the judge abused his discretion in denying the defendant's motion to reconsider.  The defendant's motion sought reconsideration of the amount of restitution and claimed that he had not authorized his attorney to stipulate to the amount of economic loss.  The motion was properly denied.

As the judge noted at the second day of the restitution hearing, the defendant's motion was disputing facts that he had previously admitted to in his guilty plea.  It was also within the judge's discretion to reject the defendant's claim that his attorney was not authorized to stipulate to the amount stolen where the defendant was present and voiced no objection at any point in the proceedings.  At bottom, we cannot conclude that the judge's decisions in this matter were improper, and they did

5

not fall outside the range of reasonable alternatives.  See L.L.
v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).[3]

Order of restitution and
   order denying
   reconsideration affirmed.

By the Court (Meade,
   Hodgens & Toone, JJ.[4]),

Clerk

Entered:  May 7, 2025.

---

[3] The motion for reconsideration was also properly denied as untimely, having been brought more than thirty days after the judge determined the amount of restitution.  See Commonwealth v. Montanez, 410 Mass. 290, 294 n.4 (1991).

[4] The panelists are listed in order of seniority.